UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-8228 CAS (JTLx) | Date | August 25, 2009 |
|---|---|---|---|
| Title | Darrin F. Benton v. Christopher Kearney et al. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** (In Chambers:) Defendants' Motion to Set Aside Clerk's Entry of Default (filed 8/4/2009)

    The Court finds this motion appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing date of August 31, 2009, is hereby vacated, and the matter is hereby taken under submission.

## I. INTRODUCTION AND BACKGROUND

    Plaintiff Darrin F. Benton filed the instant action on December 12, 2008 against defendants Christopher Kearney ("Kearney"); Inglewood Police Department ("IPD"); City of Inglewood ("the City"); Jacqueline Seabrooks, Chief of Police of the City of Inglewood ("Seabrooks"); "Officer Shaw" ("Shaw"); John Doe; and "Ten Unknown Named Defendants." The gravamen of plaintiff's complaint is that on December 18, 2006, he was stopped in his vehicle by defendants Kearney and Shaw without reasonable suspicion or probable cause. Compl. ¶ 22-23. Plaintiff alleges that defendants planted contraband in his car and arrested him for possession of a controlled substance for sale. Compl. ¶ 44-46. Plaintiff alleges that "[a]s a result of the malicious and illegal actions of the defendants, who fabricated facts, authored a false police report, 'planted' contraband on Mr. Benton, used undue influence against the prosecution and provided false information to the prosecution, Mr. Benton was charged with possession of controlled substances for sale." Compl. ¶ 45. Plaintiff asserts claims for (1) deprivation of constitutional rights (Fourth/Fourteenth Amendments) pursuant to 42 U.S.C. § 1983 (against all defendants); (2) deprivation of constitutional rights (Fourth/Fifth/Sixth/ Fourteenth Amendments), pursuant to 42 U.S.C. § 1983 (against all defendants); (3) deprivation of constitutional rights (Fourth/Fifth/Sixth/Fourteenth Amendments) pursuant to 42 U.S.C. § 1983 (against all supervisorial defendants); (4) deprivation of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-8228 CAS (JTLx) | Date | August 25, 2009 |
|---|---|---|---|
| Title | Darrin F. Benton v. Christopher Kearney et al. | | |

constitutional rights (Fourth/Fifth/Sixth/Fourteenth Amendments), pursuant to 42 U.S.C. § 1983 (against Monell defendants); (5) deprivation of constitutional rights – malicious prosecution (Fourth/Fifth/Sixth/Fourteenth amendments), pursuant to 42 U.S.C. § 1983 (against all defendants); and (6) deprivation of constitutional rights – discrimination (Fourteenth Amendment), pursuant to 42 U.S.C. § 1985.

On April 13, 2009, plaintiff filed requests for the clerk to enter defaults against the City and IPD. On April 20, 2009, the Clerk entered defaults against the City and IPD. On April 26, 2009, plaintiff filed requests for the clerk to enter defaults against Kearney, Shaw, and Seabrooks. On April 28, 2009, the clerk entered defaults against Kearney and Shaw. On April 30, 2009, the Clerk entered default against Seabrooks.

On June 30, 2009, plaintiff filed an application for default judgment against defendants Kearney, IPD, the City, Seabrooks, and Shaw.

On August 4, 2009, defendants filed the instant motion to set aside clerk's entry of default. Also on August 4, 2009, defendants filed an ex parte application to continue the hearing on plaintiff's application for default judgment until after the instant motion was heard. On August 7, 2009, the Court continued the hearing on the application for default judgment to September 14, 2009. On August 18, 2009, plaintiff filed an opposition to plaintiff's motion to set aside clerk's entry of default. A reply was filed on August 24, 2009. After carefully considering the arguments set forth by the parties, the Court finds and concludes as follows.

**II.    LEGAL STANDARD**

Pursuant to Fed. R. Civ. Pro. 55(c), a court may set aside an entry of default "for good cause." Three factors are considered by the Court in determining whether "good cause" is present: (1) whether defendant's culpable conduct led to the default; (2) whether defendant has a meritorious defense; and (3) whether reopening the default judgment would prejudice plaintiff. TCI Group Life Insurance Plan v. Knoebber, 244 F.3d 691, 696 (9th Cir. 2000) (noting that courts use the same factors to assess "good cause" under Fed. R. Civ. Pro. 55(c) as for reviewing default judgments under Fed. R. Civ. Pro. 60(b)).

As a general rule, cases should be decided on the merits as opposed to by default, and therefore "any doubts as to the propriety of a default are usually resolved against the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-8228 CAS (JTLx) | Date | August 25, 2009 |
|---|---|---|---|
| Title | Darrin F. Benton v. Christopher Kearney et al. | | |

party seeking a default judgment." Judge Schwarzer, Judge Tashima & Judge Wagstaffe, The Rutter Group Guide: Federal Civil Procedure Before Trial, 6:11 (2009) (citing Pena v. Seguros La Comercial, S.A. 770 F.2d 811, 814 (9th Cir. 1985). As such, the Court has broad discretion to overturn an entry of default. Mendoza v. Wight Vineyard Management, 783 F.2d 941, 945-46 (9th Cir. 1986). Nonetheless, it is the defaulting party's burden to demonstrate that a default judgment should be vacated. TCI Group Life Ins. Plan, 244 F.3d at 696.

## III. DISCUSSION

### A. Whether Defendants' Culpable Conduct Led to the Default

"[A] defendant's conduct is culpable if he has received actual or constructive notice of the filing of an action and *intentionally* failed to answer." TCI Group Life Ins. Plan, 244 F.3d at 697. "Neglectful failure to answer as to which the defendant offers a credible, good faith explanation negating any intention to take advantage of the opposing party, interfere with judicial decisionmaking, or otherwise manipulate the legal process is not 'intentional' under our default cases, and is therefore not necessarily – although it certainly may be, once the equitable factors are considered – culpable or inexcusable." Id. at 697-98.

Defendants argue that there was no culpable conduct on their part that led to the entry of default. Defendants argue that while plaintiff purportedly served all defendants in March 2009, and while "defendants have uncovered no evidence to challenge the propriety of the alleged . . . service," none of the defendants or their attorney received any notice of the instant action, until defense counsel received plaintiff's application for default judgment on July 6, 2009. Mot. at 4; see also Declaration of Taufiki Joshua (Assistant City Attorney for the City of Inglewood) ¶ 16 ("Given the facts that although a thorough search of the City Attorney's Office failed to uncover any of the documents that were purportedly served in this case, that neither a physical or computer network file was created for the case, and that no litigation dates had been calendered, lead me to believe that if the documents were in fact properly served, there seems to have been a problem in the transmission of said documents due to no fault of the defendants or their counsel"). Defendants also argue that none of the individually named defendants (Seabrooks, Kearney, and Shaw) were personally served with the summons and complaint in the instant action. In addition, defendants argue that their good faith is demonstrated by the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-8228 CAS (JTLx) | Date | August 25, 2009 |
|---|---|---|---|
| Title | Darrin F. Benton v. Christopher Kearney et al. | | |

fact that, as soon as they became aware of the instant lawsuit, they contacted plaintiff's counsel to address the situation. Mot. at 8.

Plaintiff responds that on March 19, 2009, plaintiff served defendants IPD and City of Inglewood by personal service, by giving copies to Trish Manish, a clerk working in the office of the City Clerk for the City of Inglewood. Opp'n at 1; Declaration of William Mishlove (Registered Process Server) ¶ 15. Plaintiff argues that on March 23, 2009, plaintiff served defendants Kearney, Shaw, and Seabrooks by substituted service, by giving copies to Lieutenant M.F. McBride, a police officer employed by the City. Opp'n at 1; Mishlove Decl. ¶ 17.

Plaintiff argues that defendants have failed to set forth any explanation for their failure to respond to the complaint. Furthermore, plaintiff argues that "[c]lients must be held accountable for the acts and omissions of their attorneys" and that, therefore, if defendants' attorneys erred in failing to respond to the complaint, defendants should be held responsible. Opp'n at 12, quoting Pioneer Investment Services v. Brunswick Assoc. Ltd., 507 U.S. 380, 396 (1993).

The Court concludes that defendants have adequately demonstrated that there was no culpable conduct on their part. First, there is no evidence here that defendants intentionally failed to respond in order to interfere with the opposing party or manipulate the legal process. See TCI Group Life Ins. Plan, 244 F.3d at 697. Instead, defendants have credibly argued that they lacked notice of the complaint; even if this lack of notice was due to their or their attorneys' own negligence, this, in and of itself, would be insufficient to demonstrate culpable conduct. See id.

### B. Whether Defendant has a Meritorious Defenses

"A defendant seeking to vacate a default judgment must present specific facts that would constitute a defense." TCI Group Life Ins. Plan, 244 F.3d at 700. "But the burden on a party seeking to vacate a default judgment is not extraordinarily heavy." Id.

Here, defendants assert a number of defenses. First, defendants argue that, with regard to the public entity defendants, there is no governmental custom, policy, or practice that would give rise to liability. Defendants further argue that Seabrook began her tenure as Chief of Police in October 2007, nearly a year after the incident giving rise

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-8228 CAS (JTLx) | Date | August 25, 2009 |
|---|---|---|---|
| Title | Darrin F. Benton v. Christopher Kearney et al. | | |

to this litigation occurred, and that, therefore, Seabrook had no personal involvement in this action and was in no position to create or enforce an alleged policy or practice. Mot. at 7. Furthermore, the individually named defendants deny the material allegations of plaintiff's complaint, alleging that they stopped plaintiff because he was speeding, that they conducted a lawful parole search of plaintiff's vehicle, and that they discovered ten packages of a substance resembling rock cocaine; based on these facts, defendants argue, they have asserted meritorious defenses including probable cause, discretion, and qualified immunity. Mot. at 7.

Plaintiff argues, however, that the proposed Answer in this case consists of boilerplate affirmative defenses and general denials, and that, therefore, defendants have not met their burden. Opp'n at 10-11, citing In re Stone, 588 F.2d 1316, 1319 (10th Cir. 1978) ("Unlike the simple notice pleading required in original actions, the rule relating to relief from default judgments contemplates more than mere legal conclusions, general denials, or simple assertions that the movant has a meritorious defense"). The Court disagrees. Defendants have met their burden of presenting specific facts that would, if proven, constitute a defense to plaintiff's claims. See TCI Group Life Ins. Plan, 244 F.3d at 700.

### C. Whether Reopening the Default Would Prejudice Plaintiff

"To be prejudicial, the setting aside of a judgment must result in greater harm than simply delaying resolution of the case. Rather, the standard is whether [plaintiff's] ability to pursue his claim will be hindered." TCI Group Life Ins. Plan, 244 F.3d at 701. "[M]erely being forced to litigate on the merits cannot be considered prejudicial for purposes of lifting a default judgment." Id.

Defendants argue that there is no evidence that reopening the default judgment will prejudice plaintiff. Plaintiff responds that, for the past four months, he has been forced to litigate the default issue, and that, having secured entry of default, it would be fundamentally unfair to allow the defendants to re-start the case. Opp'n at 13. Plaintiff argues that he has "incurred the expenditure of attorney hours equivalent to in excess of $10,000 as a result of complications created solely by the defendants." Opp'n at 13, n.3. In addition, plaintiff argues that the delay has resulted in a greater opportunity for collusion or loss of evidence, and that defendants have had additional time to "synchronize their positions as to their defenses." Oppn' at 13, n.3. Despite plaintiff's

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-8228 CAS (JTLx) | Date | August 25, 2009 |
|---|---|---|---|
| Title | Darrin F. Benton v. Christopher Kearney et al. | | |

arguments, however, the Court finds that reopening the case will not prejudice plaintiff. First, the delay in these proceedings caused by defendants' failure to respond was relatively minimal. Furthermore, there is no indication that plaintiff's ability to pursue his claim will be hindered if the default is set aside. See TCI Group Life Ins. Plan, 244 F.3d at 701.

### D. Fees

Plaintiff argues that "[t]o the extent that this Court gives serious consideration to setting aside the default, any such order should be made contingent on conditions such as the payment of plaintiff's counsel fees." Opp'n at 13. Courts may set conditions on vacating defaults. See, e.g, Nilsson, Robbins, Dalgarn, Berliner, Carson & Wurst v. Louisiana Hydrolec, 854 F.2d 1538, 1546 (9th Cir. 1988) (per curiam) (affirming district court decision conditioning set aside of default on defendants paying plaintiff's attorney's fees); Kajitani v. Downey Sav. & Loan Ass'n, 2007 U.S. Dist. LEXIS 79109 *19-20 (D. Haw. 2007) (ordering defendant to pay plaintiff's attorneys' fees, stating that "[a]lthough Defendant's actions do not rise to the level of culpable conduct warranting denial of the Motion, the Court finds that Defendant's actions warrant the imposition of sanctions associated with the entry of default").

The Court will reserve judgment on the question of whether or not fees should be awarded until the close of trial.

### IV. CONCLUSION

For the foregoing reasons, the Court GRANTS defendants' motion to set aside clerk's entry of default. The hearing on plaintiff's application for default judgment, currently scheduled for September 14, 2009, is hereby vacated.

IT IS SO ORDERED

| | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | | CMJ |